**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:    **Billy Earl McLin, Debtor**                    **Case No. 25-00657-JAW**
                                                                              **CHAPTER 13**

**<u>NOTICE</u>**

Debtor has filed papers with the court to Modify their Chapter 13 Bankruptcy Plan. **<u>Your rights may be affected.</u>  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**
       If you do not want the court to Modify the plan, or if you want the court to consider your views on the Plan, then on or before 30 days, you or your attorney must:
       File with the court a written request for a hearing at:

U.S. Bankruptcy Clerk
U.S. Bankruptcy Court
Thad Cochran United States Courthouse
501 E. Court St., Ste 2.300
Jackson, MS 39201

       If you mail your request to the court for filing, you must mail it early enough so the court will **receive** it on or before the date state above.
       You must also mail a copy to the debtors' attorney:

The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
(601) 500-5533

       If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Plan and may enter an order granting that relief, which shall confirm this Modified Plan.

Date: May 12, 2025          Signature:          <u>/s/ Thomas C. Rollins, Jr.</u>
                                                                     Thomas C. Rollins, Jr. (MSBN 103469)
                                                                     Jennifer Ann Curry Calvillo (MSBN 104367)
                                                                     The Rollins Law Firm, PLLC
                                                                     P.O. Box 13767
                                                                     Jackson, MS 39236

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Billy Earl McLin** |
| | Full Name (First, Middle, Last) |
| Debtor 2 | |
| (Spouse, if filing) | Full Name (First, Middle, Last) |
| United States Bankruptcy Court for the | **SOUTHERN DISTRICT OF MISSISSIPPI** |
| Case number: | **25-00657** |
| (If known) | |

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed.

**3.2**

# Chapter 13 Plan and Motions for Valuation and Lien Avoidance

**12/17**

---

**Part 1:    Notices**

**To Debtors:**    This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.

In the following notice to creditors, you must check each box that applies

**To Creditors:**    **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.**

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☑ Not Included |

**Part 2:    Plan Payments and Length of Plan**

**2.1    Length of Plan.**

The plan period shall be for a period of __**60**__ months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2    Debtor(s) will make payments to the trustee as follows:**

Debtor shall pay __**$395.00**__ (☐ monthly, ☐ semi-monthly, ☑ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

> **R&L Carriers**
> **600 Gillan Rd**
> **Wilmington OH 45177-0000**

| Debtor | **Billy Earl McLin** | Case number | **25-00657** |
|---|---|---|---|

Joint Debtor shall pay _____ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

**2.3     Income tax returns/refunds.**

*Check all that apply*

☑ Debtor(s) will retain any exempt income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**Part 3:     Treatment of Secured Claims**

**3.1     Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).**

*Check all that apply.*
☑  **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
*Insert additional claims as needed.*

**3.2     Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims. *Check one.*.**

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☑ Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims, debtor(s) hereby move(s) the court to value the collateral described below at the lesser of any value set forth below or any value set forth in the proof of claim. Any objection to valuation shall be filed on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I).

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| **Jackson Area FCU** | **$8,414.93** | **2015 Ford Taurus 86000 miles** | **$10,491.00** | **$8,414.93** | **10.00%** |

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| **\*\*\*Jackson Area FCU** | **$3,393.80** | **cross-collateralized with 2015 Ford Taurus 86000 miles** | **$2,076.07 remaining value of collateral** | **$2,076.07** | **10.00%** |

Debtor  **Billy Earl McLin**                                    Case number  **25-00657**

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| **Republic Finance** | **$18,705.89** | **2015 Ford Focus 83000 miles** | **$8,325.00** | **$8,325.00** | **10.00%** |

*Insert additional claims as needed.*

#For mobile homes and real estate identified in § 3.2: Special Claim for taxes/insurance:

| Name of creditor | Collateral | Amount per month | Beginning |
|---|---|---|---|
| **-NONE-** | | | month |

\* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District

For vehicles identified in § 3.2: The current mileage is _____

**3.3     Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐  **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑  The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

| Name of Creditor | Collateral | Amount of claim | Interest rate* |
|---|---|---|---|
| **Flagship Credit** | **2021 Chevrolet Silverado 84000 miles** | **$34,698.76** | **10.00%** |

*Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District.

*Insert additional claims as needed.*

**3.4     Motion to avoid lien pursuant to 11 U.S.C. § 522.**

*Check one.*

☑  **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5     Surrender of collateral.**

*Check one.*

☐  **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
☑  The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| **Keesler FCU** | **2016 Chevrolet Malibu 78000 miles Cosigner drives and pays** |

*Insert additional claims as needed.*

Debtor      **Billy Earl McLin**                                    Case number      **25-00657**

---

| Part 4: | **Treatment of Fees and Priority Claims** |
|---|---|

**4.1      General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2      Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case.

**4.3      Attorney's fees.**

☑ No look fee:   **4,000.00**

Total attorney fee charged:          $**4,000.00**

Attorney fee previously paid:        $**0.00**

Attorney fee to be paid in plan per
confirmation order:                  $**4,000.00**

☐ Hourly fee: $_____.  (Subject to approval of Fee Application.)

**4.4      Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☑          **None**. If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

**4.5      Domestic support obligations.**

☑          **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

---

| Part 5: | **Treatment of Nonpriority Unsecured Claims** |
|---|---|

**5.1      Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
☐      The sum of $
☑      **100.00**   % of the total amount of these claims, an estimated payment of $**23,292.62**
☐      The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**4,302.60**
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2      Other separately classified nonpriority unsecured claims (special claimants).** *Check one*.

☑          **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

---

| Part 6: | **Executory Contracts and Unexpired Leases** |
|---|---|

**6.1      The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

☑          **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

---

| Part 7: | **Vesting of Property of the Estate** |
|---|---|

Debtor    **Billy Earl McLin**                                    Case number    **25-00657**

**7.1**    **Property of the estate will vest in the debtor(s) upon entry of discharge.**

| Part 8: | **Nonstandard Plan Provisions** |
| --- | --- |

**8.1**    **Check "None" or List Nonstandard Plan Provisions**
☑         **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

| Part 9: | **Signatures:** |
| --- | --- |

**9.1**    **Signatures of Debtor(s) and Debtor(s)' Attorney**
*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

X    **/s/ Billy Earl McLin**                                    X    _____

    **Billy Earl McLin**                                    Signature of Debtor 2

    Signature of Debtor 1

    Executed on    **May  9, 2025**                    Executed on    _____

    **5509 Deckard Dr**                                    _____

    Address                                                    Address

    **Jackson MS 39209-0000**

    City, State, and Zip Code                    City, State, and Zip Code

    Telephone Number                                    Telephone Number

X    **/s/ Thomas C. Rollins, Jr.**                    Date    **May  9, 2025**

    **Thomas C. Rollins, Jr. 103469**

    Signature of Attorney for Debtor(s)

    **P.O. Box 13767**

    **Jackson, MS 39236**

    Address, City, State, and Zip Code

    **601-500-5533**                                    **103469 MS**

    Telephone Number                                    MS Bar Number

    **trollins@therollinsfirm.com**

    Email Address

<u>CERTIFICATE OF SERVICE</u>

I, Thomas C. Rollins, Jr., do hereby certify that a true and correct copy of the above and foregoing Notice and Modified Plan was forwarded on May 12, 2025, to:

By First Class U.S. Mail, Postage Prepaid:

Jackson Area Federal Credit Union
P.O. Box 1403
Jackson, MS 39215

Jackson Area Federal Credit Union
c/o President/CEO
5675 Hwy 18 W
Jackson, MS 39209

By Electronic CM/ECF Notice:

Standing Chapter 13 Case Trustee

U.S. Trustee

<u>/s/ Thomas C. Rollins, Jr.</u>
Thomas C. Rollins, Jr.

1
2
3
4
5
6
7
8
9
10

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:

Billy Earl McLin

CASE NO: 25-00657

**DECLARATION OF MAILING**
**CERTIFICATE OF SERVICE**

Chapter: 13

11    On 5/12/2025, I did cause a copy of the following documents, described below,

12    Notice and Amended Chapter 13 Plan

13
14
15
16
17
18

19    to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

20    I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.
21    com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

22    Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been
23    served electronically with the documents described herein per the ECF/PACER system.

    DATED: 5/12/2025

24    /s/ Thomas C. Rollins, Jr.
    Thomas C. Rollins, Jr.
25
    The Rollins Law Firm
26    702 West Pine St
    Hattiesburg, MS  39401
27    601 500 5533
    trollins@therollinsfirm.com
28

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

Billy Earl McLin

CASE NO: 25-00657

**CERTIFICATE OF SERVICE
DECLARATION OF MAILING**

Chapter: 13

On 5/12/2025, a copy of the following documents, described below,

Notice and Amended Chapter 13 Plan

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 5/12/2025

Miles Wood
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 West Pine St
Hattiesburg, MS  39401

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

FIRST CLASS

JACKSON AREA FEDERAL CREDIT UNION
P.O. BOX 1403
JACKSON MS 39215

FIRST CLASS

JACKSON AREA FEDERAL CREDIT UNION
C/O PRESIDENT/CEO
5675 HWY 18 W
JACKSON MS 39209